MARY C. ALDRICH, HELEN B. KING, HARRIET N.
    BROWN, HENRY S. SWINTON, CHARLES E. S.
    SWINTON, HELEN M. SEAL, DOUGLAS. K.
    BROWN and NORMAN BROWN by William C. King,
    their next friend v. PRISCILLA E. HASSINGER,
    HENRIETTA E. ROSS and ANNIE·H. TURTON.

APPEAL FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED OCTOBER 17, 1898.        DECIDED MARCH 8, 1899.

JUDD, C.J., WHITING, J., AND R. D. SILLIMAN, ESQ., OF THE
        BAR, IN PLACE OF FREAR, J., ABSENT.

As a general rule, a bill of revivor puts in issue the question of re-
    vival of the suit and the parties, but no new matter on the merits
    of the original bill can be put in issue. The court may order such
    new matter to be stricken from the answer as impertinent.

A party plaintiff, who was a minor at the institution of a suit which
    still remains undecided may, on attaining majority, having adverse
    interests to the other plaintiffs, have his name stricken from the
    record as a plaintiff.

OPINION OF THE COURT BY WHITING, J.

After the decision rendered by this Court in this case,
*Aldrich et al. v. Hassinger et al.*, page 272 *ante*, the case went
back to the Circuit Court and a bill of revivor was brought in
the names of Mary C. Aldrich, Helen B. King, and Norman K.
Brown,.a minor, by W. C. King, his next friend, against Pris-
cilla E. Hassinger and others including D. K. Brown as one of
the defendants.

To this bill of revivor, D. K. Brown filed an answer prac-

tically admitting that the suit should be revived and also setting up a claim to the whole estate of Martha Swinton as her sole heir, and that the deed in question was obtained through duress and fraud and was void. To this answer the plaintiffs excepted as containing impertinent matter and the Court ordered the latter part of the answer stricken out as being impertinent.

The Circuit Judge decreed that the suit against W. J. Smith be revived and do stand revived against Priscilla E. Hassinger, Henrietta E. Ross and Annie H. Turton as defendants, and that the said suit and proceedings do stand in the same plight and condition as they were at the time of the death of W. J. Smith.

Thus the case was revived and D. K. Brown was left a party plaintiff. The parties being anxious to obtain a hearing and decision of this Court, entered pro forma, subject to appeal, a decree for the defendants in the original suit. But D. K. Brown appealed separately on his own behalf from the decree of revivor, claiming that the Court ought not to have stricken out of his answer the adverse claims set up by him, and also claiming that he was wrongfully made a party plaintiff, relying on our former decision.

As a general rule a bill of revivor puts in issue the question of revival of the suit and the parties, but no new matter on the merits of the original bill can be put in issue and the striking out of such matters from the answer of D. K. Brown was right. D. K. Brown probably should have renewed his motion to be stricken from the case as a party plaintiff in the Circuit Court in the original case after the decree of revival. He has continuously protested against being a party plaintiff, and in view of our former decision, page 272 *ante*, which we quote as follows:

"On the case coming before us Messrs. C. Creighton and A. Rosa moved that they be allowed to enter an appearance for Douglas K. Brown as he is no longer a minor; and on this being allowed he filed a special plea as follows: 'And now comes Douglas Brown who heretofore at the institution of this

action was a minor and was made a party plaintiff by his guardian ad litem, W. C. King, and interposes this special plea and motion specifically reserving to himself all rights and privileges herein and to the property involved in this action and says, that at the time of the commencement of this suit he was a minor and has since become of legal age; that the allegation in the plaintiff's bill herein in which he is described as a nephew of Martha Swinton, deceased, is not true as he claims and alleges to the best of his knowledge, information and belief that he is the son of said Martha Swinton and her sole heir at law. That the said Martha Swinton died intestate and as such sole heir at law he is entitled to the whole of the estate, real, personal, and mixed, of which said Martha Swinton died possessed and seized. That he does not consent to be a party plaintiff herein and asks that his name may be stricken from the record as plaintiff.' "

An answer to this plea was filed by the other plaintiffs setting up laches of D. K. Brown and other matters. Objections were also made to the caption and verification of the bill of revivor.

We hold that the bill of revivor is defective for want of signatures thereto, that, while it purports in its caption and introduction to be brought by eight persons as plaintiffs, in fact none of said alleged plaintiffs, except W. C. King, have signed it either in person, or by counsel, or by next friend, that owing to this defect Douglas K. Brown has never been a party plaintiff in the suit of revivor, although the bill of revivor in its caption and body purports to name him as such, and that for this reason and also because of the matters alleged in his special plea, his name should be stricken from the *record* as a party plaintiff, and further that the decree appealed from should be vacated, and the bill remanded to a Judge of the Circuit Court for such amendments as plaintiffs may be advised to make and such further proceedings as may be necessary."

We are of opinion that equity and justice require that D. K. Brown should have his day in court and that his name ought not to have been retained as a party plaintiff.

His appeal is sustained and it is ordered that his name be stricken from the whole record as a party plaintiff without prejudice to his right to come in with his new claim in the original case as revived.

*Kinney & Ballou* for plaintiffs.

*Cecil Brown* for defendant Annie H. Turton.

*W. O. Smith* for defendant Mrs. Priscilla Hassinger.

*C. Creighton* and *J. T. DeBolt* for D. K. Brown.

*A. G. M. Robertson,* for defendant Mrs. Henrietta E. Ross.